UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD BATISTE, | CASE NO. CV 17-840-SVW (PJW) |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |
| v. | |
| JUDGE LONGORIA, | |
| Respondent. | |

On February 2, 2017, Petitioner filed a Petition for Writ of Habeas Corpus, challenging an August 2016 state court order committing him to Atascadero State Hospital. (Petition at 2, 3.) The Petition is borderline indecipherable. So far as the Court can discern, Petitioner contends that after his parole term ended, he was unlawfully committed to Atascadero on the strength of a "bunch of lies." (Petition at 3-5.) From the face of the Petition, it appears that his claims are both non-cognizable and unexhausted. As such, absent further explanation from Petitioner, they will be dismissed.

As a matter of comity between state and federal courts, a federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies, i.e., sought state court review of every ground presented in the

petition by presenting it to the highest state court. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Indeed, the law provides that a habeas petition brought by a person in state custody *cannot be granted* "unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999). A district court may raise a failure to exhaust *sua sponte*. *Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992.)

Because it appears that Petitioner has never presented any of the claims raised in the instant Petition to the California Supreme Court, the Petition is completely unexhausted and is subject to dismissal on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Moreover, Petitioner has not raised a federal claim. The Court can only grant a writ of habeas corpus if a petitioner can show that the state court violated the federal Constitution or federal laws. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).[1]

IT IS THEREFORE ORDERED that, no later than **March 6, 2017**, Petitioner shall inform the Court in writing why this case should not

---

[1] Furthermore, Judge Longoria is not the proper respondent. Petitioner must name the state officer who has custody of him as Respondent.

1 | be dismissed for the reasons set forth above.  Failure to timely file
2 | a response will result in dismissal.
3 |      DATED: February 3, 2017

*[signature: Patrick J. Walsh]*

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

28 | S:\PJW\Cases-State Habeas\BATISTE, R 840\OSC dismiss pet.wpd