UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| REGINALD BATISTE, | ) | CASE NO. CV 17-840-SVW (PJW) |
| Petitioner, | ) ) ) | |
| v. | ) ) ) | ORDER DISMISSING HABEAS CORPUS PETITION AND DENYING CERTIFICATE OF APPEALABILITY |
| MORALES, DIRECTOR, | ) ) | |
| Respondent. | ) ) | |

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, in which Petitioner is challenging the Los Angeles County Superior Court's August 2016 order committing him to Atascadero State Hospital for one year. (Petition at 2-3.) He contends that he is being held there unlawfully. (Petition at 3-4.)

Because it appeared from the face of the Petition that Petitioner had not presented his claims to the California Supreme Court or raised a federal claim (see Petition at 2-6), on February 3, 2017, the Court issued an order to show cause why the Petition should not be dismissed.[1] On February 21, 2017, Petitioner filed a response.

---

[1] The Court pointed out that Petitioner had failed to name the proper Respondent. In his Response, Petitioner named hospital director Morales, who is substituted for Judge Longoria, pursuant to Fed. R. Civ. Pro. 25(d).

For the following reasons, the Petition is dismissed without prejudice.

The Court has a duty to screen habeas corpus petitions before ordering service on a respondent. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005). In doing so, if it plainly appears from the face of a petition that a petitioner is not entitled to relief, the Court can dismiss the petition at the outset. *See* Rule 4, Rules Governing § 2254 Cases.

As a matter of comity between state and federal courts, a federal court will generally not address the merits of a habeas corpus petition unless a petitioner has first exhausted his state remedies by presenting his claims to the highest court of the state. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *see also Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011). Because it is clear that Petitioner has not presented his claims to the California Supreme Court (or the Court of Appeal), the Petition is unexhausted and subject to dismissal. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.").

Petitioner also fails to state a federal claim. The Court can only grant a writ of habeas corpus if a petitioner can show that the state court violated the federal Constitution or federal law. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). Petitioner contends that his conviction is unwarranted and that he was illegally sent to Atascadero. He claims, among other things, that one of the officers involved in his case is now serving a federal prison sentence and that

a report used to sentence him is "a bunch of lies." (Petition at 3.) These claims do not sufficiently allege a violation of federal law. Nevertheless, because Petitioner may be able to amend his claims later on to state a federal violation, the Court will dismiss the Petition without prejudice.

Finally, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue in this action. See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

IT IS SO ORDERED

DATED: June 7, 2017.

---
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

---
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Users\pcruz\AppData\Local\Temp\notes97E53A\prop order dismissing.wpd

3